TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00548-CR







Benjamin Burdette Costar, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. CR4778, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING








 After finding appellant guilty of indecency with a child by contact, Tex. Penal Code
Ann. § 21.11(a)(1) (West 1994), the jury assessed punishment at confinement for twenty years. 
In a single point of error, appellant contends that the trial court erred in admitting evidence of
extraneous offenses concerning appellant and children not the subject of the indictment. We will
overrule appellant's point of error and affirm the judgment of the trial court.

 The context in which this prosecution arose shows that K.C.B., age nine, went to
Kingsland in the summer of 1996 to visit her father Donald Berry. K.C.B.'s father was estranged
from her mother Baylor Berry. K.C.B.'s father lived next door to her aunt Amy Baugh, the
mother of three young girls. Appellant and his wife Rebecca Faye (hereinafter referred to as
Faye) were living with Amy. While Amy and Donald were working, appellant and Faye served
as babysitters for K.C.B. and Amy's daughters.

 Appellant's complaint about the introduction of extraneous offenses is directed to
the testimony of four witnesses. (1)

 Amy, the first witness to testify for the State, stated that when she returned home
from work on July 30, 1996, she was met by Faye who was screaming and crying and said she
was sorry. Faye kept screaming "over and over" she was sorry, "Ben [appellant] has been
messing with the kids." Defense counsel made no objection to this testimony. 

 Prior to Faye's testimony, a hearing was held outside the presence of the jury
relative to the introduction of extraneous offenses. Appellant stated he had a "403 objection, in
that it is unfairly prejudicial, confuses the issues. [The State] -- cannot be allowed to sling a bunch
of mud against the wall or against [appellant] with other charges that aren't being filed." After
the State urged that Faye's testimony as to what K.C.B. told her about the abuse of her cousins
was inextricably linked with K.C.B.'s own abuse, the trial court overruled appellant's objection
and instructed the jury as follows: 


You're instructed that you're to consider the statement of the outcry witness for the
purpose of acts of the Defendant as it relates to this case only and you're not to
consider the statement of the outcry witness as any evidence of any extraneous acts
of the Defendant for any purpose whatsoever.



 Faye testified that K.C.B. approached her on the day in question. K.C.B. said that
she had to "make Ben [appellant] stop touching me, Jessie Mae and Katherine." Faye related that
she threw her wedding ring at appellant when he returned home and told him to leave. Appellant
responded "F you, I don't care what you believe." No objection was made to any of the
foregoing testimony.

 Prior to K.C.B. testifying, another hearing was held outside the presence of the
jury. The State advised the trial court that it intended to introduce testimony by K.C.B. that she
was prompted to complain to Faye after her cousin Ashley was crying and saying that appellant
had touched her private parts. Appellant objected that it was "hearsay, unfairly prejudicial,
contrary to Article 38.072 and contrary to Article 38.37 of the Texas Code of Criminal
Procedure." K.C.B., age 11 at the time of trial, testified that she knew the difference between
"good touches" and "bad touches." Appellant had touched her at the "place where you go to the
bathroom -- private part." Also, on two occasions appellant touched his "private part outside his
shorts." K.C.B. said this had been happening to her prior to telling Faye but she was afraid to
tell anyone. It was not until her cousin Ashley told her what appellant had done to her that she
felt she should tell Faye.

 K.C.B.'s grandmother, Barbara Baugh, was staying at Donald's house at the time
in question. When she returned to the house that night she heard Faye yelling at appellant. Faye
and the grandchildren were upset and crying. Appellant's hearsay objection to the prosecutor
asking Barbara why the children were crying was sustained. In addition, appellant complains of
K.C.B.'s testimony on redirect that she told Faye about herself and the other girls. The trial court
overruled defense counsel's "renewal of my previous objection."

 "To preserve an issue for appellate review, the defendant must make a timely
request, objection or motion stating specific grounds for the ruling he desires the trial judge to
make; the objection must be made at the earliest opportunity." King v. State, 953 S.W.2d 266,
268 (Tex. Crim. App. 1997). Clearly, appellant did not make a timely objection to the alleged
improper evidence. No objection was voiced to the State's first witness, Amy Baugh, who
testified that Faye told her that appellant had been messing with the girls. Nor does appellant's
objection at trial comport with his complaint on appeal. See Barley v. State, 906 S.W.2d 27, 37
(Tex. Crim. App. 1995), cert. denied, 116 S. Ct. 1271 (1996). At no time during trial did
appellant complain of the introduction of testimony of extraneous offenses or object on the basis
of a violation of Tex. R. Evid. 404(b). Moreover, a review of the record reflects that the State
introduced evidence to the same effect without objection. See Narvaiz v. State, 840 S.W.2d 415,
430 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). We hold that any error in the
introduction of the complained of evidence was waived. Appellant's point of error is overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, Patterson and Davis*

Affirmed

Filed: July 29, 1999

Do Not Publish























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The State filed a written notice of its intent to introduce extraneous offenses that noted it had
furnished appellant with offense reports which detailed the offenses. See Tex. Code Crim. Proc.
Ann. art. 38.37(4) (West 1994).



aye after her cousin Ashley was crying and saying that appellant
had touched her private parts. Appellant objected that it was "hearsay, unfairly prejudicial,
contrary to Article 38.072 and contrary to Article 38.37 of the Texas Code of Criminal
Procedure." K.C.B., age 11 at the time of trial, testified that she knew the difference between
"good touches" and "bad touches." Appellant had touched her at the "place where you go to the
bathroom -- private part." Also, on two occasions appellant touched his "private part outside his
shorts." K.C.B. said this had been happening to her prior to telling Faye but she was afraid to
tell anyone. It was not until her cousin Ashley told her what appellant had done to her that she
felt she should tell Faye.

 K.C.B.'s grandmother, Barbara Baugh, was staying at Donald's house at the time
in question. When she returned to the house that night she heard Faye yelling at appellant. Faye
and the grandchildren were upset and crying. Appellant's hearsay objection to the prosecutor
asking Barbara why the children were crying was sustained. In addition, appellant complains of
K.C.B.'s testimony on redirect that she told Faye about herself and the other girls. The trial court
overruled defense counsel's "renewal of my previous objection."

 "To preserve an issue for appellate review, the defendant must make a timely
request, objection or motion stating specific grounds for the ruling he desires the trial judge to
make; the objection must be made at the earliest opportunity." King v. State, 953 S.W.2d 266,
268 (Tex. Crim. App. 1997). Clearly, appellant did not make a timely objection to the alleged
improper evidence. No objection was voiced to the State's first witness, Amy Baugh, who
testified that Faye told her that appellant had been messing with the girls. Nor does appellant's
objection at trial comport with his complaint on appeal. See Barley v. State, 906 S.W.2d 27, 37
(Tex. Crim. App. 1995), cert. denied, 116 S. Ct. 1271 (1996). At no time during trial did
appellant complain of the introduction of testimony of extraneous offenses or object on the basis
of a violation of Tex. R. Evid. 404(b). Moreover, a review of the record reflects that the State
introduced evidence to the same effect without objection. See Narvaiz v. State, 840 S.W.2d 415,
430 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975 (1993). We hold that any error in the
introduction of the complained of evidence was waived. Appellant's point of error is overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, Patterson and Davis*

Affirmed

Filed: July 29, 1999

Do Not Publish